# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SARAH WHITFIELD,<br><br>    Plaintiff<br><br>V.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA AND KPMG LLP SHORT AND LONG TERM DISABILITY INSURANCE PLAN,<br><br>    Defendants | CIVIL ACTION NO. |

## COMPLAINT

1. Plaintiff, Sarah Whitfield ("Ms. Whitfield") brings this action against the Defendants, Prudential Insurance Company of America ("Prudential"), the KPMG LLP Short and Long Term Disability Insurance Plan ("Plan") (collectively referred to as "Defendants"), for violations of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et. seq*. ("ERISA"). Ms. Whitfield is a participant in an ERISA welfare benefit plan insured and administered by Prudential.

2. Ms. Whitfield is filing this action to: 1) recover short-term disability ("STD") benefits due to her under the terms of the Plan; 2) recover long-term disability ("LTD") benefits due to her under the terms of the Plan; 3) enforce the present rights existing under the Plan; 4) clarify rights under the terms of the Plan; 5) recover lost Employee Benefits (as defined below) as a result of the denial of her claims for STD and LTD benefits; and 6) recover damages, twelve percent interest, costs and attorney's fees.

3. Ms. Whitfield challenges the Defendants': 1) unreasonable and unlawful denial of Ms. Whitfield's STD and LTD benefits despite the substantial medical and vocational evidence demonstrating Ms. Whitfield's qualification for said benefits; 2) pattern of rejecting and/or ignoring the substantial evidence supporting Ms. Whitfield's disability in an effort to limit Defendants' financial exposure for Ms. Whitfield's claims; 3) failure to provide Ms. Whitfield with a full and fair review of her claims for STD and LTD benefits;; and 4) failure to provide a reasonable claims procedure that would yield an impartial decision on the merits of Ms. Whitfield's STD and LTD claims.

## PARTIES

4. Ms. Whitfield is a resident of Massachusetts. Ms. Whitfield is a vested participant in Defendants' employee benefit plan, within the meaning of 29 U.S.C. § 1002(2) (7). Ms. Whitfield has standing to bring this action under 29 U.S.C. § 1132(a).

5. The defendant, Prudential Insurance Company of America, is a for-profit insurance company, with its principal place of business in New Jersey. Prudential transacts business in Massachusetts and administers the STD and LTD Plan under which Ms. Whitfield is suing. Prudential is the party responsible for processing claims made under the STD and LTD Plan and making a final determination as to Ms. Whitfield's eligibility for benefits.

6. At all times relevant to the claims asserted in this Complaint, Defendant Prudential purported to act as an ERISA claims fiduciary with respect to participants of the STD and LTD Plan generally, and more specifically with respect to Ms. Whitfield, within the meaning of ERISA.

7. The STD and LTD Plan under which Ms. Whitfield is suing is an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. §1002(1).

## STATEMENT OF FACTS

**Relevant Plan Terms.**

8. As an employee of KMPG LLP ("KPMG"), Ms. Whitfield was eligible for STD and LTD coverage under contracts of insurance with Prudential.

9. The STD Plan contains a narrow definition of disability Ms. Whitfield must meet in order to prove her eligibility for benefits. In particular, Ms. Whitfield must demonstrate that she is unable to perform the material and substantial duties of her regular occupation due to her sickness or injury and have a 20% or more loss in weekly earnings due to that sickness or injury.

10. The STD Plan defines material and substantial duties as duties that:
    - are normally required for the performance of your regular occupation; and
    - cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

11. As a result of the functional limitations imposed by her illness, Ms. Whitfield has met her burden of proving she is unable to perform with reasonable continuity the material duties of her occupation as a Manager of Account Management.

12. The LTD Plan also has a specific definition of disability, mirroring that of the STD Plan, that Ms. Whitfield must meet in order to be eligible for the LTD benefits. The LTD Plan requires Ms. Whitfield to demonstrate that she is unable to perform the material and substantial duties of her regular occupation due to sickness or injury and has a 20% or more loss in her indexed monthly earnings due to that sickness or injury.

3

13. Ms. Whitfield has met her burden of proving that she met the STD and LTD Plan definitions of disability and is therefore eligible for STD and LTD benefits under the terms of the Plan.

14. Neither the STD and LTD Plan nor Prudential have any administrative processes and safeguards (as those terms are used in 29 C.F.R. §2560.503-1) in place to ensure and to verify appropriately consistent decision making.

15. The Plan does not confer discretion on Prudential to determine eligibility for benefits or to interpret the terms of the STD and LTD Plan.

**Prudential's Conflict of Interest**

16. Prudential's conflict of interest as the payor of Ms. Whitfield's benefits and the party responsible for determining her eligibility for benefits under the STD and LTD Plan infected its decision to deny Ms. Whitfield's STD benefits and refuse to review her application for LTD benefits.

    a. **Prudential's purposeful misunderstanding of Ms. Whitfield's occupation and its application to her claim**.

17. Prudential's conflict of interest in evident in its failure to correctly evaluate Ms. Whitfield's claim from a vocational perspective, despite the STD and LTD Plan requirements that Ms. Whitfield be able to perform the material and substantial duties of her regular occupation.

18. Prudential's decision to uphold its denial of Ms. Whitfield's STD and LTD benefits ignored the independent vocational review of Ms. Whitfield's claim. This review evaluated Ms. Whitfield's ability to perform the material and substantial duties of her regular occupation against her symptoms and functional limitations.

19. Prudential's decision to ignore this vocational review rendered its decisions to deny Ms. Whitfield's STD and LTD benefits unreasonable under ERISA.

4

**Ms. Whitfield's Claim for STD and LTD Benefits.**

20. Ms. Whitfield was forced to take a medical leave from KPMG beginning February 19, 2018 due to symptoms and limitations she suffered as a result of her medical conditions.

21. Ms. Whitfield ceased working because her medical condition resulted in symptoms that functionally limited her ability to perform the material and substantial duties of her regular occupation.

22. On May 11, 2018, Prudential denied Ms. Whitfield's claim for short-term disability ("STD") benefits under Prudential's STD policy.

23. Prudential determined that Ms. Whitfield did not meet the definition of disability in the STD Plan.

24. On May 16, 2018, Ms. Whitfield appealed Prudential's decision to deny her STD benefits.

25. On August 15, 2018, Prudential upheld its decision to deny Ms. Whitfield's claim for STD benefits.

26. On October 8, 2018, after undergoing extensive medical care, Ms. Whitfield was able to return to her occupation.

27. On November 6, 2018, Ms. Whitfield requested LTD benefits from Prudential [insert date] through her return to work on October 8, 2018.

28. On February 7, 2019, Ms. Whitfield again submitted an appeal of Prudential's decision to deny her STD benefits.

29. On March 21, 2019, Ms. Whitfield supplemented her appeal providing additional information to Prudential regarding her condition and her eligibility for STD and LTD benefits.

30. On May 7, 2019, Ms. Whitfield again supplemented her appeal of Prudential's decision to deny her STD benefits and its failure to review her claim for LTD benefits. Again, she submitted additional medical and vocational documentation of her inability to perform the material duties of her occupation for the period of February 18, 2018 through October 8, 2018.

31. On May 31, 2019, Prudential sent Ms. Whitfield the medical reviews it conducted of her eligibility for benefits under the terms of the STD Plan, allowing her the ability to respond to these reviews by June 10, 2019.

32. The reviewers retained by Prudential were all licensed outside the Commonwealth of Massachusetts.

33. The Massachusetts Board of Medicine regulations specifically, 243 CMR 2.01, identifies the practice of medicine in Massachusetts to include the provision of "an independent medical examination or a disability evaluation." According to the Board of Registration, "a Massachusetts Full License is required to perform such disability evaluations for Massachusetts residents."

34. On June 10, 2019, Ms. Whitfield responded to the peer reviews performed by Prudential, specifically noting Prudential's failure to hire physicians licensed in the Commonwealth of Massachusetts to review Ms. Whitfield's disability claims and providing additional medical documentation from her treatment providers responding to Prudential's medical reviews.

35. Prudential requested an extension to June 22, 2019 to complete its review of Ms. Whitfield's claim.

36. Ms. Whitfield sent letters to Prudential checking on the status of its review of her claim on June 21, 2019, July 1, 2019, July 19, 2019, and July 29, 2019.

37. Prudential did not respond to these letters until July 30, 2019.

38. On July 30, 2019, Prudential sent Ms. Whitfield additional paper reviews of her medical records conducted by the same physicians. Prudential allowed Ms. Whitfield less than two weeks, until August 12, 2019 to respond to these reviews.

39. On August 6, 2019, Ms. Whitfield again responded to the Prudential's medical reviews reiterating the continued violation of the Massachusetts Board of Medicine requirements regarding reviewing doctors, as well as the errors within the reports completed by Prudential's peer reviewers.

40. On August 14, 2019, Ms. Whitfield requested an appeal status from Prudential, for the entire period of benefits of February 19, 2018 through October 8, 2018.

41. Prudential did not respond to Ms. Whitfield's August 14, 2019 letter.

42. On September 3, 2019, Prudential requested an extension to complete its review of Ms. Whitfield's STD claim, stating that it anticipated making a determination on her STD and LTD claims no later than October 1, 2019.

43. On September 27, 2019, Ms. Whitfield submitted a request for status of Prudential's review of her claims for STD and LTD benefits.

44. On September, 30, 2019, Prudential informed Ms. Whitfield that her timeframe to respond to additional peer reviews that were sent on September 13, 2019 had expired.

45. On September 30, 2019, Ms. Whitfield informed Prudential did not receive correspondence from Prudential dated September 13, 2019. Ms. Whitfield requested that Prudential resend its September 13, 2019 letter and permit her additional time to respond.

46. On October 2, 2019, Ms. Whitfield received updated paper reviews from Prudential, conducted by the same doctors it utilized previously to review Ms. Whitfield's claim.

47. On December 19, 2019, Ms. Whitfield responded to Prudential's peer reviews enclosing additional medical information supporting her entitlement to STD and LTD benefits.

48. On January 3, 2020, Ms. Whitfield wrote Prudential requesting a status update regarding her claims for STD and LTD benefits.

49. On January 3, 2020, Prudential wrote Ms. Whitfield indicating it required additional time to complete its review of Ms. Whitfield's claim for benefits. Prudential indicated it anticipated making a determination on Ms. Whitfield's claims for STD and LTD benefits by February 6, 2020.

50. On January 16, 2020, Prudential sent Ms. Whitfield additional peer reviews, again conducted by the same physicians as previously retained. Prudential allowed Ms. Whitfield the opportunity to respond to these reviews.

51. On January 28, 2020, Ms. Whitfield submitted yet another response to the peer reviews, which did not contain any new information regarding Ms. Whitfield's claim for benefits.

52. On January 28, 2020, Prudential wrote Ms. Whitfield upholding its decision to deny her claim for STD benefits.

53. Prudential never engaged with or reviewed Ms. Whitfield's application for LTD benefits.

54. Prudential's assertion that Ms. Whitfield was not disabled and therefore not entitled to STD or LTD benefits was unreasonable and unsupported by the substantial evidence in Prudential's possession.

55. Ms. Whitfield has exhausted her administrative remedies under the terms of the STD and LTD Plan as evidenced by Prudential's final denial regarding her STD benefits and its

failure to evaluate her claim for LTD benefits, despite Ms. Whitfield's application for LTD benefits.

**Summary of Defendants' Review of Ms. Whitfield's Claim.**

56. Ms. Whitfield has exhausted her administrative remedies pursuant to 29 C.F.R. 2560.503-1(1).

57. Ms. Whitfield's disability and eligibility for STD and LTD benefits is based on the substantial evidence in Defendants' possession.

58. The Defendants and their medical reviewers arbitrarily dismissed Ms. Whitfield's symptoms and functional limitations when they determined that Ms. Whitfield was not disabled.

59. The Defendants failed to have Ms. Whitfield's claim assessed by a medical provider with the appropriate credentials to evaluate her eligibility for benefits as required by ERISA's implementing regulations.

60. The Defendants failed to address or evaluate the clinical findings of Ms. Whitfield's treating and evaluating physicians regarding Ms. Whitfield's symptoms, restrictions, functional limitations, and disability.

61. The Defendants failed to conduct a reasonable vocational review of Ms. Whitfield's ability to perform the duties of her own occupation, as required by the terms of the STD and LTD Plan.

62. The Defendants failed to meet the minimum requirements for the denial of Ms. Whitfield's STD and LTD benefits, in violation of ERISA, 29 U.S.C. 1133, which requires that upon a denial of benefits, the administrative review procedure must include adequate notice in writing setting forth the specific reasons for the denial of benefits and a reasonable

opportunity for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

63. The Defendants failed to meet the Plan' requirements for review of claims that have been denied.

64. The Defendants failed to provide Ms. Whitfield with a full and fair review of her claims for STD and LTD benefits.

65. The Defendants failed to respond to Ms. Whitfield's attempts to engage in a meaningful dialogue regarding the evaluation of her STD claim and her application for LTD benefits.

66. Prudential routinely ignored communications from Ms. Whitfield regarding her claim for LTD benefits.

67. Any discretion to which Prudential may claim it is entitled under the terms of the STD Plan is negated by its failure to provide Ms. Whitfield with an explanation as to its adverse action as proscribed by ERISA and its implementing regulations.

68. Any discretion to which Prudential may claim it is entitled under the terms of the LTD Plan is negated by its failure to render a determination on Ms. Whitfield's application for LTD benefits.

69. The Defendants failed to meet the notice requirements required by ERISA's implementing regulations. In particular, Defendants' adverse determination letters failed to articulate the basis for the decision to deny benefits, failed to contain a full discussion of why Ms. Whitfield's claim was denied, and failed to detail the standard behind the decision.

70. Defendants failed to disclose any internal guidance available to claims representatives in evaluating Ms. Whitfield's claims despite Ms. Whitfield's request for this information, and despite ERISA's implementing regulations' requirement to disclose this information.

71. The decision to deny Ms. Whitfield's STD and LTD benefits was self-serving, wrongful, unreasonable, irrational, solely contrary to the evidence, contrary to the terms of the Plan, and contrary to law.

72. Prudential was influenced by its financial conflict of interest, as both the administrator of the Plan and the payor of benefits thereunder, when it denied Ms. Whitfield's STD benefits and ignored Ms. Whitfield's LTD benefit application, and failed to provide her with the full and fair review of her claims as required by law.

73. Due to the unlawful denial of benefits under ERISA, Ms. Whitfield has lost her rightful STD and LTD benefits. She has also suffered emotional distress as a result of the Defendants' actions.

74. Due to the unlawful denial of her benefits under ERISA, Ms. Whitfield lost her Employee Benefits, as well as vacation and personal time, for the period of time she was unable to perform the duties of her regular occupation.

75. As a result of the denial of her claims for STD and LTD benefits, Ms. Whitfield has lost the use of her STD and LTD benefits.

76. Ms. Whitfield is entitled to restitution for the loss of her benefits at the Massachusetts statutory 12% interest rate.

**FIRST CAUSE OF ACTION**
**(Enforcement of Terms of Plan**
**Action for STD and LTD Benefits)**
**(ALL DEFENDANTS)**

77. Ms. Whitfield realleges each of the paragraphs above as if fully set forth herein.

78. The Plan are contracts.

79. Ms. Whitfield has performed all her obligations under the contracts.

80. 29 U.S.C. § 1132(a) states that:

> (a) A civil action may be brought ---
>
> 1. by a participant or beneficiary –
>
>   A. for the relief provided for in subsection (c) of this section, or
>
>   B. to recover benefits due to er under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the plan.

81. The Defendants' actions constitute an unlawful denial of disability benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

82. The Defendants unlawfully denied Ms. Whitfield's STD and LTD benefits in part by: (1) dismissing without explanation, the substantial evidence supporting Ms. Whitfield's claim for STD benefits; (2) refusing to acknowledge or review Ms. Whitfield's claim for LTD benefits; and (3) denying Ms.Whitfield a full and fair review of their decision to deny her claims for STD and LTD benefits.

83. In accordance with 29 U.S.C. §1132, Ms. Whitfield is entitled to STD and LTD benefits under the terms of the Plan based upon her disabled status from February 19, 2018 through October 8, 2018.

84. The Defendants have refused to provide Ms. Whitfield with her disability benefits and are, therefore, in breach of the terms of the Plan and ERISA, which require that the Defendants engage in a full and fair review of all claims and the administration of the Plan in the best interests of the participants of the Plan.

85. As a direct and proximate result of this breach, Ms. Whitfield has lost the principal and the use of her rightful disability benefits.

# SECOND CAUSE OF ACTION
### (Attorneys' Fees and Costs)
### (ALL DEFENDANTS)

86. Ms. Whitfield realleges each of the paragraphs above as if fully set forth herein.

87. Under the standards applicable to ERISA, Ms. Whitfield deserves to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g).

88. Defendants have the ability to satisfy the award.

89. Ms. Whitfield's conduct of this action is in the interests of all participants who subscribe to the Plan, and the relief granted hereunder will benefit all such participants.

90. The Defendants have acted in bad faith in denying Ms. Whitfield's disability and life benefits under the Plan.

91. The award of attorneys' fees against the Defendants will deter others acting under similar circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that the Court:

(1) Declare, adjudge, and decree that Ms. Whitfield is entitled to disability benefits as calculated under the terms of the Plan;

(2) Award Ms. Whitfield disability benefits and 12% interest from the dates of the Defendants' breaches of contract;

(3) Declare, adjudge, and decree Ms. Whitfield was entitled to STD and LTD benefits to which she is entitled as a disabled individual under the terms of the Plan;

(4) Order that the Defendants make restitution to Ms. Whitfield in the amount of all losses sustained by Ms. Whitfield as a result of the wrongful conduct alleged herein, together with 12% prejudgment interest;

(5) Award Ms. Whitfield the costs of this action and reasonable attorneys' fees; and

(6) Award such other relief as the court deems just and reasonable.

Date: April 3, 2020    Respectfully submitted for the Plaintiff,

By: /s/ Socorra A. DeCelle
Socorra A. DeCelle
BBO No. 688197
Mala M. Rafik
BBO No. 638075
ROSENFELD & RAFIK, P.C.
184 High Street, Suite 503
Boston, MA 02110
T: 617-723-7470, ext. 202
F: 617-227-2843
E: sad@rosenfeld.com